IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-0288-02 |
| | § | |
| LOUVICY WILCOX | § | (Civil Action No. H-06-2890) |
| | § | |

# **MEMORANDUM AND ORDER**

The defendant, Louvicy Wilcox, has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Crim. Doc. # 265). She has also included a supplemental memorandum in support. (Crim. Doc. # 266). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that the motion must be denied for reasons set forth below.

## I.   **BACKGROUND**

A federal grand jury in this district returned a multi-count indictment against Wilcox and others, charging a conspiracy to defraud the government in connection with one or more programs receiving federal funds. That indictment also included allegations of wire fraud, theft from a federally funded program, money laundering, and structuring of financial transactions. In essence, the indictment accused the defendants of defrauding federally funded programs for school children by bolstering attendance records and filing false food service documents for the Prepared Table Charter School, which was operated by a tax

exempt organization, *i.e*, the Greater Progressive Baptist Church of Houston, Texas. It was determined that the defendants, each of whom was employed in one capacity or another by the Prepared Table Charter School and/or the Greater Progressive Baptist Church, received in excess of $2,000,000.00 in federal funds to which they were not entitled.

Wilcox pled guilty pursuant to a written plea agreement on April 18, 2005, to one count of conspiracy to defraud a federally funded program and to commit wire fraud (Count One) and one count of conspiracy to launder money (Count Nine). Based on the presentence report (the "PSR") prepared by the Probation Office, the Court sentenced Wilcox at the bottom of the recommended guidelines range to serve a total of 57 months of imprisonment, followed by a 3-year term of supervised release. (Crim. Doc. # 216). Following a hearing, the Court further ordered Wilcox to make restitution in the amount of $2,000,000.00. (Crim. Doc. # 257). Wilcox did not file an appeal.

Wilcox now seeks relief from her sentence under 28 U.S.C. § 2255. In one ground of relief, Wilson alleges that her guilty plea was not knowingly or voluntarily made because she received ineffective assistance of counsel. Wilcox does not dispute her guilt. She asks only that the Court reduce or "correct the sentence to a lesser amount of [prison] time" that is commensurate with her involvement in the offense. (Crim. Doc. # 265, at p.14). For reasons discussed more fully below, Wilcox fails to show that she is entitled to relief.

## II.     WILCOX HAS WAIVED COLLATERAL REVIEW

The motion must be denied because the written plea agreement executed by Wilcox expressly waives collateral review under 28 U.S.C. § 2255. (Doc. # 184, p.9). It is well

settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Wilcox does not directly challenge the voluntariness of the waiver. To the extent that Wilcox claims that her guilty plea was not voluntarily made, the record squarely refutes her conclusory allegation.[1]

The charges against Wilcox and the consequences of her plea were detailed at the plea hearing and in the written plea agreement. In that regard, the written plea agreement between Wilcox and the government shows that she agreed to plead guilty to Counts One and Nine of the superseding indictment. (*Plea Agreement*, Crim. Doc. # 184, ¶ 1). In exchange, the government agreed to dismiss all remaining counts and that it would not oppose a three-level reduction in sentence for acceptance of responsibility or recommend a sentence enhancement for the role Wilcox played in the offense. (*See id*. at ¶ 2). The government also agreed to recommend a sentence at the low end of the advisory guideline range. (*See id*.).

Wilcox suggests that she was unaware of the consequences of her plea because her attorney did not inform her that she could receive a "lengthy prison sentence." The written plea agreement specifically informed Wilcox that she faced up to "five (5) years" in prison and a fine of up to $250,000 for the charges lodged against her in Count One. (*See id*. at

---

[1] The defendant's § 2255 motion and supporting memorandum provide no details in support of her allegations. It is true that *pro se* petitions for collateral review are entitled to a liberal construction. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

¶ 4). The written plea agreement advised further that Wilcox faced up to "twenty (20) years" in prison and a fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater. (*See id*.). Wilcox acknowledged that the Court would determine her punishment and that she could not withdraw her plea if the Court elected to impose the maximum sentence. (*See id*. at ¶ 10). Wilcox also acknowledged that, by pleading guilty, she waived the right to appeal the conviction and sentence or to collaterally attack her conviction and sentence under 28 U.S.C. 2255. (*See id*. at ¶ 14). The plea agreement is signed by defense counsel, the prosecutor, and Wilcox, who confirmed that she was "pleading guilty freely and voluntarily because [she] is guilty." (*Id.* at ¶ 23).

In an addendum attached to the written plea agreement, Wilcox's counsel, Harry Johnson, averred that he consulted with his client and explained all of her rights with respect to the pending indictment. (Crim. Doc. # 184, at p.22). Johnson states that he reviewed the Sentencing Guidelines and "fully explained to the Defendant the provisions of those guidelines which may apply in the case." In addition, Johnson reports that he "carefully reviewed every part of the plea agreement with the Defendant." Wilcox also signed the addendum to the plea agreement, specifically signifying that she had consulted with her attorney and fully understood her rights. (*See id*.). In particular, Wilcox stated that she had read the plea agreement and "carefully reviewed every part of it" with her attorney. (*See id*.). Wilcox affirmed that she understood the agreement and "voluntarily agree[d] to its terms." (*See id*.).

4

In addition to these written attestations of voluntariness, the charges against Wilcox were explained at length during the guilty plea hearing. The Court also explained the range of punishment and other consequences of a guilty plea. After Wilcox confirmed in open court that she understood the charges and the consequences, the Court accepted Wilcox's guilty plea and found that her decision was voluntarily and knowingly made. Wilcox's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). In particular, a defendant's statements at the plea colloquy are entitled to "great weight" in this circuit. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

Wilcox's sworn statements at the rearraignment confirm that she understood the charges against her and that she understood the rights she was giving up pursuant to the plea agreement, including the waiver of the right to seek collateral review under 28 U.S.C. § 2255. *See Wilkes*, 20 F.3d at 653. Other than her own unsupported allegation that she did not understand the consequences of her plea, Wilcox presents nothing to rebut her assertions of voluntariness made in open court and in writing in connection with the plea agreement in this case. The Court finds, therefore, that the guilty plea was knowingly and voluntarily made and that the defendant's claims are precluded by the valid waiver.

The Court notes that Wilcox includes a claim for ineffective assistance of counsel in connection with her guilty plea proceeding. The Fifth Circuit has held that a waiver of appeal may not be enforced against a § 2255 movant who claims that ineffective assistance

of counsel rendered the waiver unknowing and involuntary. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). Unless the alleged ineffective assistance "directly affected" the validity of the waiver or the plea itself, however, the claim for ineffective assistance of counsel is waived. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). As noted above, the record reflects that Wilcox's guilty plea was fully informed and voluntarily made. Assuming that Wilcox's ineffective-assistance claim is not waived, the Court concludes that she fails to make a valid claim for reasons discussed further below.

### III. <u>WILCOX'S CLAIM FAILS ON THE MERITS</u>

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

The defendant in this case contends that she is entitled to relief under 28 U.S.C. § 2255 because she was denied the right to effective assistance of counsel. The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. *See*

6

*Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (citing *Strickland*, 466 U.S. at 687-88). Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Molina-Uribe*, 429 F.3d at 518 (quoting *Strickland*, 466 U.S. at 689). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To prove prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005) (quoting *Strickland*, 466 U.S. at 694).

In this instance, Wilcox alleges that she received ineffective assistance in connection with a guilty plea. The Supreme Court has held that the two-part *Strickland v. Washington* test applies where a defendant challenges a guilty plea based on ineffective assistance of counsel with the following modification:

> The second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Clarifying the prejudice requirement further, the Supreme Court has emphasized that a petitioner must demonstrate that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Thus, a reviewing court must consider the following:

(1) whether, but for counsel's error, the defendant would not have pleaded guilty but would have insisted upon going to trial; and

(2) whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair.

*Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995).

Wilcox alleges generally that her counsel was deficient because he: (1) failed to conduct an adequate investigation; and (2) failed to advise her about the consequences of the plea, specifically, with regard to the potential length of sentence. Wilcox fails to demonstrate that her counsel's performance was deficient, or that she was actually prejudiced as a result, for reasons discussed briefly below.

### A.     Failure to Conduct an Adequate Investigation

Wilcox alleges that her counsel was deficient for failing to "investigate possible defenses" or interview witnesses. A defendant who alleges a failure to investigate on the part of her counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of her trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Wilcox provides no information about any possible defense that her counsel failed to pursue. Likewise, she does not identify any witness that her counsel could have interviewed but did not; nor does Wilcox provide any details about what any of the unidentified witnesses would have said. Wilcox does not otherwise suggest what additional investigation would have revealed or how it would have helped her case.

The Fifth Circuit has made clear that conclusory allegations of ineffective-assistance do not merit relief on collateral review. *See, e.g.*, *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citations omitted). Wilcox's conclusory claim does not demonstrate that her counsel was deficient for failing to investigate or that she was actually prejudiced as a result. Accordingly, she fails to demonstrate a valid ineffective-assistance claim on this issue.

### B.     Failure to Inform Wilcox of the Potential Sentence

9

Wilcox alleges further that her counsel was deficient because he did not tell her that she could receive a "lengthy prison sentence." Wilcox cannot show that she was unaware of the potential sentence in this case. As discussed above, the written plea agreement reflects that counsel reviewed the relevant provisions of the sentencing guidelines with his client and Wilcox signified that she had consulted with her attorney regarding the applicable guidelines. (Doc. # 184, at p.22). Even if Wilcox's attorney failed to advise her of the potential maximum sentence, this information was provided to Wilcox in the text of the written plea agreement and by the Court during the guilty plea proceeding. Thus, Wilcox does not show that her attorney's performance was deficient or that she was actually prejudiced as a result.[2]

Moreover, Wilcox does not establish actual prejudice in this case for another important reason. Wilcox does not allege that, but for her counsel's advice, she would have pled not guilty and would have insisted on a trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Accordingly, Wilcox fails to demonstrate a valid claim for ineffective assistance of counsel or to otherwise show that she is entitled to relief under 28 U.S.C. § 2255.

## IV.   CERTIFICATE OF APPEALABILITY

---

[2] It bears repeating that the Court sentenced Wilcox at the bottom of the advisory guideline range, which is far less than the twenty-year statutory maximum sentence possible for the money laundering charges lodged in Count Nine. The record further reflects that the Court granted a 3-level reduction in sentence for acceptance of responsibility even though there was evidence indicating that Wilcox obstructed justice in this case by making false statements to law enforcement agents who were attempting to execute a search and arrest warrant at her home. (*See* PSR ¶ 55). Wilcox fails to show that the punishment imposed was excessive in this instance or that, but for her counsel, she would have received a lower sentence.

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

11

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of this criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's § 2255 motion (Crim. Doc. # 265) is **DENIED** and the corresponding civil action (H-06-2890) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties and will file a copy in Civil Action No. H-06-2890.

SIGNED at Houston, Texas, on **September 18, 2006.**

_____
Nancy F. Atlas
United States District Judge